IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff(s), | |
| v. | **CRIMINAL NO. 10-138 (GAG)** |
| **JONATHAN ORTIZ-TORRES,** **ANGEL SANTANA-ESPINET,** | |
| Defendant(s). | |

**ORDER**

Defendants' Motion for Reconsideration of Order Denying their Joint Motion to Dismiss the Superseding Indictment Based Upon Newly Discovered Evidence (Docket No. 304) is hereby **DENIED**. Accordingly, their Motion for Order under FED.R.APP.P. 12.1 (Docket No. 305) is also **DENIED**.

Defendants ask the Court to revisit its order of March 8, 2011 (Docket No. 235), in which the Court noted at paragraph (2) that what occurred in this case involving the FBI 302 is not part of a pattern of conduct by the FBI. Defendants now point to a series of e-mails in an unrelated case between A.U.S.A. Bazan and S.A. Means, suggesting that such a pattern does exist. Defendants suggest that in the other case, U.S. v. José Vizcarrondo Casanova, Crim. No. 09-228 (FAB), Bazan suggested to Means in a series of e-mails that he obtain a modified autopsy report to conform to the

government's theory. Bazan also testified "its been done in other cases," which the defense suggests is further probative of a pattern of prosecutorial misconduct.

The Court has revised the e-mails in question (Docket No. 304-1), as well as Bazan's testimony regarding the same in Case 09-228 (FAB) (Docket No. 317-1). Even accepting defendants' characterization of said evidence as suggested,[1] the Court will not dismiss the instant superseding indictment for the following reasons, also stated in the Court's March 8, 2011 order (Docket No. 235), and expanded here.

<u>First</u>, it is not appropriate in this case involving such heinous crime –involving two (2) deaths– to punish the People of the United States, and in particular of Puerto Rico, as well as the innocent victims and their families, by dismissing this case.

<u>Second</u>, this is not a case where the defense has claimed that a defendant's actual or legal innocence –<u>as to the facts alleged in the superseding indictment</u>– has been affected by the government's allegedly wrongful acts. More so, these alleged wrongful acts by Bazan and Means in theory could have had an effect as to innocence under the carjacking statute, given defendants' contention that the "carjacking" was a government fabrication. But that is a moot question, as such charge was dismissed and substituted by a Hobbs Act charge, which is not premised on the facts defendants claim were fabricated (i.e., the taking of a vehicle by means of violence). As such, the actions of Bazan and Means will in no way affect defendants' defense of a Hobbs Act prosecution.

<u>Third</u>, defendants have only demonstrated that the only prejudice to them is having to face the very serious consequences of their purported acts before a jury.

---

[1] This, of course, does not imply that the Court concurs with defendants' assessment.

Fourth, in light of U.S. v. Santana, 6 F.3d 1 (1st Cir. 1993), this case is not a candidate for dismissal as a sanction.

Finally, the Court does not foreclose any possible impeachment or mitigation value the defense may assert at trial or sentencing regarding the evidence they have proffered.  Such ruling, however, will have to wait until the appropriate time.  In this regard as well, the United States, in determining whether to seek the death penalty as to the remaining defendant, is also not precluded from taking into account defendants' arguments.

**SO ORDERED.**

In San Juan, Puerto Rico this 7th day of October, 2011.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge